# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08 MD 1932

| | |
|---|---|
| IN RE FAMILY DOLLAR FLSA ) <br> LITIGATION ) <br> ) <br> ) <br> Concerning Scott v. Family ) <br> Dollar Stores, Inc. (3:08-cv-110), ) <br> Slater v. Family Dollar Stores, Inc., d/b/a ) <br> Family Dollar Stores and John Does 1-10 ) <br> (3:07-cv-501) ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 578); and Memorandum in Support (Doc. No. 579); Plaintiff's Response in Opposition (Doc. No. 611); and Defendant's Reply (Doc. No. 622). For the reasons set forth below, the motion is **GRANTED**.

## FACTS

Defendant's motion concerns ten plaintiffs: Sandra Dalton, Barbara Coskey, William Collins, Larry Wilson, Darrell Gaines, Alison and Ramon Torres, Carol Martinson ("Martinson"), Annette Gutierrez, LaShanda Slater ("Slater"), and Brandy Sasser. Since the motion was filed, however, the issues as to all but two of the plaintiffs have been resolved.[1] Therefore, this Order only pertains to Plaintiffs Slater and Martinson.

Martinson opted into *Scott v. Family Dollar Stores, Inc.* on December 19, 2008. (Doc. No. 580.) On June 13, 2009, she petitioned for Chapter 7 bankruptcy. (Doc. No. 578 at Ex. 16.)

---

[1] On August 10, 2011, the Court granted Annette Gutierrez's motion to dismiss. (Doc. No. 591.) On August 12, 2011, Family Dollar withdrew its Motion for Summary Judgment as to plaintiff Larry Wilson. (Doc. No. 597.) On August 15, 2011, the Court granted Sandra Dalton's (Doc No. 604), William Collins' (Doc. No. 606) and Allison and Ramon Torres' (Doc No. 600) motion to dismiss. On August 17, 2011, the Court granted Darrell Gaines' motion to dismiss. (Doc. No. 614.) On August 17, 2011, Brandy Sasser filed a stipulation of dismissal. (Doc. No. 616.) On September 26, 2011, the Court granted Barbara Coskey's motion to dismiss. (Doc. No. 647.)

She amended her schedules on September 4, 2009. (*Id*. at Ex. 17.) Her debts were discharged on October 22, 2009, and the case closed on the same day. (*Id*. at Ex. 18.)

Slater was an employee, within the meaning of the FLSA, at Family Dollar in Clinton, Mississippi from March, 2005 to February, 2006. (Civil Case No. 3:07-501, Doc. No. 1, Compl. ¶ 2.) Slater petitioned for Chapter 7 bankruptcy on September 20, 2005. (Doc. No. 578 at Ex. 22.) Her debts were discharged on January 11, 2006, and the case closed the same day. (*Id*. at Ex. 23.) On February 27, 2007, she filed a complaint, *Slater v. Family Dollar Stores, Inc*. (*Id*. at Ex. 24.) According to the complaint, plaintiff alleges that for at least three years prior to the filing of her complaint, she "consistently worked 60-90 hours per week for a salaried amount without overtime compensation (Civil Case No. 3:07-501, Doc. No. 1, Compl. ¶ 24) and performed managerial duties approximately 5-10 hours per week (*Id*. at ¶ 25). Additionally, Family Dollar required managerial employees to work off the clock including purchasing supplies and making bank deposits. (*Id*. at ¶ 30, 31.) Slater also claims that "the systems, practices, and duties of the named plaintiffs have existed for at least three (3) years . . . ." (*Id*. at ¶ 43.)

## DISCUSSION

### A.   Standard of Review

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party always bears the initial burden of "informing the district court of the basis for its motion," and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the movant has met the initial burden, "the non-moving

party 'may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). This is particularly important where the nonmoving party bears the burden of proof. *Hughes*, 48 F.3d at 1381. A genuine issue for trial exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249-50. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.

When considering summary judgment motions, courts must view the facts in the light most favorable to the party opposing the motion. *Austin v. Clark Equip. Co.*, 48 F.3d 833, 835 (4th Cir. 1995). In reviewing the whole record, the Court must remember to "disregard all evidence favorable to the moving party that the jury is not required to believe" and therefore only "give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that [the] evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).

### B. Judicial Estoppel

The failure of Martinson and Slater to disclose their claims in this lawsuit as an asset bars them from pursuing their claims in this case under the doctrine of judicial estoppel. Courts within the Fourth Circuit have explicitly held that a plaintiff's failure to list a claim on his or her

bankruptcy schedule of assets, either initially or through an amendment, judicially estops the plaintiff from pursuing such undisclosed claims in a lawsuit. *See Brockington v. Jones*, No. 4:05-3267, 2007 WL 4812205 at *4 (D.S.C. Nov. 28, 2007) ("District Courts within the Fourth Circuit have applied the doctrine of judicial estoppel to bar plaintiffs from pursuing claims that were not disclosed to the bankruptcy court during bankruptcy proceedings.") (citing *Thomas v. Palmettor Management Services*, No. 3:05-cv-17-CMC-BM, 2006 WL 2623917 (D.S.C. Sept. 11, 2006); *see also Casto v. American Union Boiler Co. of West Virginia*, No. 2:05-cv-757, 2006 WL 660458 (S.D. W.Va. March 14, 2006).

The Fourth Circuit has held that judicial estoppel applies when: (1) the party to be estopped is advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position is one of fact instead of law; (3) the prior position was accepted by the court in the first proceeding; and (4) the party to be estopped has acted intentionally and not inadvertently. *Folio v. City of Clarksburg*, 134 F.3d 1211, 1217 (4th Cir. 1998). Slater and Martinson do not deny that each of the first three judicial estoppel factors are satisfied. Instead, they both focus on the fourth factor, claiming that they did not act intentionally. The Court concludes that this factor is readily satisfied.

### 1. Carol Martinson Acted Intentionally and Not Inadvertently.

A plaintiff's failure to disclose can only be deemed "inadvertent," when the "debtor lacks knowledge of the undisclosed claims or has no motive for their concealment." *Brockington*, *supra*, at *10. Here, Plaintiff had (1) knowledge of her claims against Family Dollar and (2) motive for their concealment.

4

First, Plaintiff is the one bringing these claims against Family Dollar, and debtors are charged with knowledge of their claims when factually aware of the basis for their claims. Plaintiff attempts to demonstrate inadvertence by asserting the chronology of filing for bankruptcy before opting into litigation. In *Hamilton v. State Farm Fire & Gas. Co.*, the Ninth Circuit stated, "The debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceedings." *Hamilton v. State Farm Fire & Gas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001); *see also Trucks Ins. Co. v. Superior Court*, 2002 WL 19044442, *5 (Cal. App. 2 Dist. 2002). The Court also stated, "Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Id*. Martinson had knowledge of her claims against Family Dollar when she filed her opt-in consent form on December 19, 2008, which was during her bankruptcy proceeding.[2] (Doc. No. 580.) Martinson was required and recognized her obligation to amend her respective bankruptcy schedules. Indeed, she amended, in part, her bankruptcy schedules during her respective bankruptcy proceeding. (Doc. No. 578 at Ex. 17.)

Second, Plaintiff had motive to conceal these claims from the bankruptcy court since proper disclosure would certainly result in less favorable payment plans. *Brockington*, *supra*, at *4 (". . . Plaintiff had motive to fail to disclose the claims to the bankruptcy court as proper disclosure could have increased the amount of her assets, resulting in less favorable Chapter 13 payment plans."); *see also In re Superior Crewboats, Inc.*, 374 F.3d 330, 336 (5th Cir. 2004)

---

[2]The Court is not persuaded by Plaintiff's reliance on *Aaron v. United States*, 65 Fed. Cl. 29, 32 (2005). Indeed, the *Aaron* court merely noted in passing that the plaintiff's opt-in status was one of many factors that contributed to the likelihood that the plaintiff's failure to schedule the claim was inadvertent. *Id*.

("The [plaintiffs] had the requisite motivation to conceal the claim as they would certainly reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors."). Therefore, Martinson is judicially estopped from recovering under the FLSA because she failed to list these claims on her bankruptcy schedules.

### 2. LaShanda Slater Acted Intentionally and Not Inadvertently.

Slater had sufficient knowledge of her claims at the time of her bankruptcy as a matter of law because she was factually aware of the pay practices underlying her Complaint. To establish inadvertence, a plaintiff "must show not that she was unaware that she had a duty to disclose her claims but that, at the time she filed her bankruptcy petition, she was unaware of the *facts* giving rise to them. *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 601 (5th Cir. 2005) (emphasis added).

> The debtor need not know all of the facts or even the legal basis for the cause of action; rather, if the debtor has enough information prior to confirmation to suggest that it may have a possible cause action, then it is a "known" cause of action that must be disclosed.

*Gaskins v. Thousand Trails, LP*, 521 F. Supp. 2d at 696 (S.D. Ohio 2007).

In *Gaskins*, the court judicially estopped the plaintiff from pursuing her wage claims because the plaintiff had a "sufficient factual basis at the time of the filing of her bankruptcy petition to disclose causes of action relating to the FLSA . . ." *Id*. at 697.[3] The plaintiff in *Gaskins* sought to recover unpaid wages under the FLSA from March, 2002 to October, 2005.

---

[3] *See also Hay v. First Interstate Bank of Kalispell*, 978 F.2d 555, 557 (9th Cir. 1992) ("we recognize that all facts were not known . . . but enough was known to require notification of the existence of the asset to the bankruptcy court); *see also Tate v. Wayne Farms LLC*, 2008 WL 5272091 (S.D. Miss. Dec. 16, 2008) (granting summary judgment to defendant on the basis of judicial estoppel where plaintiff failed to list her FLSA claims in her bankruptcy petition, finding that plaintiff "had a sufficient factual basis at the time she filed her petition to know of and disclose her FLSA claims.") (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 207 (5th Cir. 1999); *see also Bolden v. Wayne Farms LLC*, 2008 WL 5342122 (S.D. Miss. Dec. 16, 2008) (granting summary judgment for defendant and dismissing 16 plaintiffs where plaintiffs failed to list their FLSA claims in their bankruptcy petitions, finding that plaintiffs had knowledge of their claims at the time they filed their petitions).

*Id*. at 695-96. The plaintiff petitioned for bankruptcy on August 24, 2004, without disclosing any wage claims either at that time, or before the bankruptcy closed on February 18, 2005. *Id*. at 696. The Plaintiff then filed a federal lawsuit on November 3, 2006. *Id*. at 697. The plaintiff's complaint alleged that the plaintiff "regularly" worked more than 40 hours per week and the payment issues began in 2002 or 2003, well before the filing of the bankruptcy petition. *Id*.

Similar to *Gaskins*, Slater sought to bring a claim under the FLSA to recover overtime compensation from April, 2005 to February, 2006. (Doc. No. 611, Slater Decl. ¶ 2.) Slater petitioned for bankruptcy on September 20, 2005, without disclosing any wage claims either at that time, or before the bankruptcy closed on January 11, 2006. (*Id*. at ¶ 3.) Slater then filed a federal lawsuit on February 27, 2007. (*Id*. at ¶ 4.) According to her Complaint, Slater consistently worked 60-90 hours per week for a salaried amount without overtime compensation (Civil Case No. 3:07-501, Doc. No. 1, Compl. ¶ 24) and performed managerial duties approximately 5-10 hours per week (*Id*. at ¶ 25). Additionally, Family Dollar required managerial employees to work off the clock, including purchasing supplies and making bank deposits. (*Id*. at ¶ 30, 31.) Slater also claims that "the systems, practices, and duties of the named plaintiffs have existed for at least three (3) years . . ." (*Id*. at ¶ 43.) This includes 2005 and 2006, a period before Slater filed her bankruptcy petition. Accordingly, notwithstanding Slater's declaration, her Complaint establishes that she had the requisite knowledge of her claims and is judicially estopped from recovering under the FLSA because she failed to list these claims on her bankruptcy schedules.[4]

---

[4] The Court rejects Ms. Slater's accrual argument in which she argues that a new FLSA "cause of action" against Family Dollar accrued with each paycheck she received, and therefore, she can recover for all "causes of action" that accrued after she filed her bankruptcy petition . The accrual rule does not create new causes of action. The cases Ms. Slater relies on relate solely to the statute of limitations. *Freeman v. National Broadcasting Co., Inc.*, 846 F. Supp. 1109, 1159 (S.D.N.Y. 1993); *Knights v. Columbus, Georgia*, 19 F.3d 579, 581 (11th Cir. 1994). The Court

7

C. **Bankruptcy Trustees**[5]

Slater and Martinson's bankruptcy trustees cannot intervene or substitute to pursue these claims because there is no evidence before the Court that the trustees have been informed of the wage claims or defendant's pending motion. There is a critical distinction between this case and the cases in which courts have allowed bankruptcy trustees to substitute for the debtors. In *Aaron v. United States*, 65 Fed. Cl. 29, 32 (2005), upon which the plaintiffs rely, the court considered the fact that the plaintiff had filed a motion to reopen the bankruptcy to include the disputed claims after the summary judgment motion was filed and the bankruptcy trustee applied to employ the plaintiff's attorney and to continue her claim. Additionally, in *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir. 2004), the bankruptcy trustee sought to reopen the bankruptcy and moved to intervene in the case or substitute as a real party in interest. Here, there is no such evidence of the plaintiffs' bankruptcy trustees taking any action on behalf of either plaintiff's bankruptcy estate.

*Parker* is also distinguishable because in that case the plaintiff revealed that she had failed to disclose the lawsuit in her bankruptcy preceding of her own volition as opposed to the

---

acknowledges that the Northern District of Illinois reached a contrary holding in *Nehmelman v. Penn National Gaming, Inc.*, 2011 WL 1988548 (N.D. Ill. May 20, 2011), a case with similar facts, which held that the Plaintiff was *not* judicially estopped from pursuing wage claims arising from paychecks she received after August 24, 2009, the date she petitioned for bankruptcy. (emphasis added.)

[5]Slater and Martinson lack standing to pursue these claims against Family Dollar because they were aware that they were allegedly misclassified as exempt before and during the bankruptcy proceeding. A debtor's pre-petition causes of action are property of the estate. *National Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999) ("If a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim."); *see also In re Richman*, 104 F.3d 654, 657 (4th Cir. 1997) ("A trustee is the representative of the bankrupt's estate and has the capacity to sue or be sued."); *see also Gardner v. Tyson*, 218 B.R. 338, 342 (Bankr. E.D. Pa. 1998) ("[T]he trustee's status as representative of the estate requires that he be the party suing to assert any pre-petition causes of action asserted by Chapter 13 debtors."); *see also Richardson v. United Parcel Service*, 195 B.R. 737, 739 (E.D. Mo. 1996) ("[T]he bankruptcy trustee steps into the shoes of the debtor for purposes of asserting or maintaining a debtor's cause of action."). A claim is part of the bankruptcy estate if the plaintiff was factually aware of the basis of the claim at the time of bankruptcy. *Miller v. Pac. Shore Funding*, 287 B.R. 47, 50 (D. Md. 2002).

instant situation where plaintiffs only offered to inform the bankruptcy trustee after the defendant brought this motion. "Allowing [the plaintiffs] to back-up, re-open the bankruptcy case, and amend [the] bankruptcy, only after [the] omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002). This so called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets." *Id*. Therefore, the Court declines Plaintiffs' request to permit the bankruptcy trustees to intervene or substitute for Slater and Martinson to pursue their claim.

## CONCLUSION

Family Dollar is entitled to judgment as a matter of law to all claims of Carol Martinson and LaShanda Slater on the grounds of judicial estoppel.

## ORDER

**IT IS ORDERED** that:

(1)     Defendant's Motion for Summary Judgment (Doc No. 578)  is **GRANTED** and Plaintiffs Slater and Martinson are dismissed;

(2)     The Court finds that there is no just reason to delay finding of final judgment for Family Dollar with regard to Plaintiffs' claims against Family Dollar;

(3)     The Clerk is directed to enter final judgment, pursuant to Rule 54(b), for Family Dollar with regard to Plaintiffs LaShanda Slater and Carolyn Martinson.

**SO ORDERED.**

Signed: October 14, 2011

Graham C. Mullen
United States District Judge