# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:08MD1932-MU

|  |  |  |
|---|---|---|
| **IN RE FAMILY DOLLAR FLSA LITIGATION** | : : : : : : : : : : : : : | |
| _____ | | **ORDER** |
| Concerning Scott v. Family Dollar Stores | | |

This matter is before the Court on Defendant's Motion to Dismiss Opt-In Plaintiff Shunderia Garlington for Failure to Respond to Discovery and Failure to Prosecute and for Sanctions (Doc. No. 747); Plaintiff's Opposition (Doc. No. 750); and Defendant's Reply (Doc. No. 755). For the reasons stated herein, Defendant's Motion is GRANTED.

As more fully set forth in Defendant's motion, Plaintiff Garlington failed to provide substantive responses to discovery propounded by Family Dollar by August 24, 2011. In addition, Plaintiff failed to appear for her noticed deposition. Indeed, Family Dollar noticed Plaintiff's deposition for December 12, 2011. At Plaintiff's counsel's request, Family Dollar rescheduled Plaintiff's deposition to December 13, 2011. On December 12, 2011, Family Dollar agreed to Plaintiff's counsel's request that Plaintiff's deposition begin at 11:30 instead of 1:00 as originally scheduled. Plaintiff failed to appear for her deposition on December 13, 2011 and her counsel stated on the record "I do not know why she has not appeared, whether she has been in a car wreck, a broken down car. I know she has not contacted me, though. We have tried to call her several times

1

this morning. Her voice mail would only come on, and she's just not – she's not here." (Doc. No. 747-13 at 5).

In his opposition to Defendant's Motion to Dismiss, Plaintiff's counsel has not provided any further explanation as to why Ms. Garlington failed to appear for her deposition and does not contest Defendant's Motion to Dismiss Plaintiff Garlington, rather counsel only contests Defendant's entitlement to fees and costs expended in preparation for Garlington's deposition.

In support of the request for fees, Family Dollar contends that Plaintiff should be required to pay the costs associated with her deposition, for which she failed to appear with no explanation, including the hotel costs for John Stembridge, an attorney representing Family Dollar, his time in preparation for the deposition as well as costs for the court reporter and videographer. In response to these costs, Plaintiff's counsel argues that because Family Dollar has a local office in Birmingham, Alabama, an attorney from that office should have been assigned to take Plaintiff's deposition instead of Mr. Stembridge, who is from the Atlanta office. Plaintiff's counsel also argues that a videographer is unnecessary at these depositions and therefore Plaintiff should not be required to pay for the videographer.[1] Finally, Plaintiff argues that because Family Dollar did not identify, in the original motion, the amount of attorney fees it is claiming, Family Dollar should be precluded from later submitting a bill outlining these costs.

---

[1] Plaintiff's counsel does not contest the fees associated with the court reporter.

Under the circumstances, the Court will grant Defendant's request that Plaintiff be required to pay the Defendant's costs for counsel's hotel expenses for the night of December 12, 2011[2] as well as the costs of the court reporter and videographer for services rendered on December 13, 2011. Plaintiff will not be required to pay the costs associated with Mr. Stembridge's three hours of preparation time for the deposition. Counsel for Family Dollar shall produce invoices for the hotel, court reporter and videographer costs to Plaintiff's counsel within fifteen (15) days of the date of this Order. Counsel shall forward such invoices and a copy of this Order to Plaintiff via United States certified mail. Plaintiff shall pay these expenses on or before thirty days after receiving the invoices by certified mail.

**THEREFORE IT IS ORDERED** that:

(1)    Defendant's Motion to Dismiss Opt-In Plaintiff Shunderia Garlington (Doc. No. 747) is GRANTED.

(2)    Plaintiff's claims against Family Dollar are dismissed with prejudice;

(3)    The Court finds that there is no just reason to delay entry of final judgment for Family Dollar with respect to Plaintiff Shunderia Garlington's claims against Family Dollar;

(4)    The Clerk is directed to enter final judgment, pursuant to Rule 54(b), for Family Dollar with respect to Plaintiff Shunderia Garlington;

---

[2] The Court acknowledges Plaintiff's argument that Family Dollar has a local office in Birmingham and therefore could have had a local attorney assigned to take Plaintiff's deposition. However, the Court is not persuaded by this argument. The Court further acknowledges Plaintiff's argument that Mr. Stembridge could have driven to Birmingham the morning of the deposition and not incurred hotel expenses at all. However, Plaintiff's counsel is well aware that Mr. Stembridge was already in Birmingham on December 12, 2011 taking the deposition of another Plaintiff in this case. Therefore, staying the night in a hotel on December 12, 2011 is not unreasonable especially in light of the fact that Plaintiff's counsel requested that the deposition begin an hour and a half earlier on December 13, 2011 than previously noticed.

(5)     Defendant's counsel shall provide Plaintiff's counsel copies of invoices for the hotel stay on December 12, 2011 as well as the court reporter and videographer hired for Plaintiff's deposition on December 13, 2011 within fifteen (15) days of the date of this Order;

(6)     Plaintiff's counsel shall immediately forward copies of such invoices, as well as a copy of this Order, to Plaintiff by United States certified mail;

(7)     Ms. Garlington SHALL pay Defendant's counsel the costs, as evidenced by invoices, of the hotel, court reporter and videographer hired for Plaintiff's deposition on December 13, 2011within thirty (30) days from the date such invoices are provided to Plaintiff's counsel.

**SO ORDERED**.

Signed: January 12, 2012

Graham C. Mullen
United States District Judge