# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08MD1932-MU

| | |
|---|---|
| IN RE FAMILY DOLLAR FLSA LITIGATION <br><br> Concerning Scott v. Family Dollar Stores | **ORDER** |

This matter is before the Court on Plaintiff's Notice to Withdraw (Doc. No. 736); Defendant's Motion to Dismiss Opt-In Plaintiff Tyomequa Lee (Doc. No. 739); Plaintiff's Opposition (Doc. No. 758); and Defendant's Reply (Doc. No. 767). For the reasons stated herein, Defendant's Motion is DENIED.

This case was originally filed in the Northern District of Alabama on January 3, 2008. Family Dollar answered the Complaint on February 21, 2008. On May 5, 2010, Ms. Lee filed her notice of consent to become a party plaintiff.[1] (Doc. No. 532). On August 24, 2011, Family Dollar served interrogatory and document requests on Ms. Lee. (Doc. No. 739, Ex. 1). On September 22, 2011, Ms. Lee requested an extension to October 6, 2011 to respond to such discovery. To date, Ms. Lee has not responded to Defendant's discovery. On November 15, 2011, Plaintiff's counsel

---

[1] On August 12, 2009, the Court stayed all other MDL proceedings, including the Scott action, until the final resolution of the Grace appeal. (Doc. No. 288). Such stay was lifted in July, 2011, (Doc. No. 572) and the Court issued a Scheduling Order which included discovery deadlines. (Doc. No. 577).

indicated that Ms. Lee was available for her deposition on January 24, 25 or 26, 2012. [2] (Doc. No. 739, Ex. 3). On November 17, 2011, Family Dollar noticed Ms. Lee's deposition for January 26, 2012. (Doc. No. 739, Ex. 4). On December 14, 2011 Plaintiff's counsel sent counsel for Family Dollar an email indicating that Ms. Lee wanted to withdraw her notice of consent as Plaintiff had just given birth. (Id., Ex. 5). The email included a draft joint stipulation for dismissal under Rule 41(a)(1)(A)(ii), dismissing Ms. Lee's FLSA claims with prejudice. On December 15, 2011, counsel for Family Dollar responded to Plaintiff's counsel and inquiring whether Plaintiff was willing to dismiss any other claims. (Id., Ex. 6). Receiving no response, Family Dollar sent a follow-up email on December 16, 2011. (Id.,). Later on December 16, 2011, Plaintiff filed a "Notice of Withdrawal" as an opt-in Plaintiff in this case. (Doc. No. 736).

Family Dollar contends that Plaintiff's attempt to exit this litigation without either its consent or a Court Order pursuant to Rule 41 is in violation of the Federal Rules of Civil Procedure and Defendant objects to the dismissal of Ms. Lee's claims without prejudice. Indeed, Family Dollar argues that Plaintiff has failed to prosecute her case and therefore, should be dismissed from this case with prejudice.[3] Family Dollar also argues that if Plaintiff is allowed to be dismissed without prejudice, she should not have the benefit of the tolling agreement entered between the parties and she should be assessed with costs. Plaintiff concedes that she should not have the benefit of the

---

[2] Counsel also noted that Plaintiff was 37 weeks pregnant and due on December 5, 2011. (Doc. No. 739, Ex. 3).

[3] Defendant argues that beginning on September 13, 2011, they repeatedly requested dates for Plaintiff's counsel for her deposition to take place in NY before the end of November, 2011. Family Dollar argues that Plaintiff's counsel did not diligently schedule her deposition at that time but only provided possible dates after the Court directed counsel to do so. Further, Plaintiff did not respond to the discovery propounded by Family Dollar.

2

tolling agreement, (Doc. No. 758 at 14), therefore the Court finds that Plaintiff may not have the benefit of the tolling agreement entered between the parties. (Doc. No. 60).

Both parties cite to the case of Adams v. School Board of Hanover County, 2008 U.S. Dist. LEXIS 96296 (E.D. Va. Nov. 26, 2008). The Adams Court recognized that "[n]o published case discusses the procedures a court must undertake when a party who has opted-in seeks to withdraw." Id. at *55. Without deciding the issue of whether Plaintiff may withdraw her notice of consent as a mechanism to exit this litigation, the Court will construe Plaintiff's notice of withdrawal of consent as a motion for voluntary dismissal pursuant to Rule 41(a). Rule 41(a)(2) provides that a Court may dismiss an action at the Plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

In deciding whether to dismiss without prejudice under Rule 41(a), "a district court should consider factors such as the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." Howard v. Inova Health Care Servs., 302 Fed. App'x 166, 178-179 (4th Cir. 2008) (internal quotations and citations omitted).

Plaintiff's case is part of a multi-district litigation case including approximately one hundred plaintiffs in approximately sixteen separate cases. The discovery cutoff in this case is January 31, 2012. (Doc. No. 682). This Court has granted fourteen of Defendant's summary judgment motions. To date, one of those orders has been upheld on appeal by the Fourth Circuit Court of Appeals and several others are pending on appeal. See Grace v. Family Dollar Stores Inc., 637 F.3d 508 (4th Cir. 2011). Family Dollar has expended some time on this case in that it propounded discovery, albeit

in a collective fashion.[4] However, Plaintiff attempted to withdraw more than six weeks prior to her scheduled deposition, therefore, Family Dollar expended no extra resources in preparation for Plaintiff's deposition.

With respect to the issue of Plaintiff's delay and explanation of the need for voluntary dismissal, Plaintiff indicated her desire to withdraw from this litigation, due to the birth of her son, by email dated on December 14, 2011, approximately six weeks prior to the discovery cutoff and her scheduled deposition date. There does not appear to be evidence of undue delay or of insufficient explanation for Plaintiff's desire to withdraw from this litigation.

The Court has considered the factors mentioned in the Howard case, and concludes that Plaintiff may be dismissed from this litigation without prejudice. The Court declines Family Dollar's request to assess Plaintiff with costs.

**THEREFORE IT IS ORDERED** that:

(1) Plaintiff's Notice of Withdrawal (Doc. No. 736) shall be construed as a Motion for Voluntary Dismissal and is GRANTED;

(2) Plaintiff Tyomequa Lee is dismissed from this litigation without prejudice;

(3) Plaintiff shall not be afforded the benefit of the tolling agreement, (Doc. No. 60);

(4) Defendant's Motion to Dismiss (Doc. No. 739) is DENIED;

---

[4] Such discovery consists of one set of interrogatory requests upon Plaintiffs' counsel naming forty-five individuals including Ms. Lee and one set of production of document requests upon Plaintiffs' counsel naming thirty-three individuals, including <s. Lee. (Doc. No. 739, Ex. 1). The Court notes that although Plaintiff sought one extension of time to respond to such discovery, to date, Plaintiff has not responded to Defendant's discovery requests.

**SO ORDERED**.

Signed: February 3, 2012

Graham C. Mullen
United States District Judge